**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



FRANK REAVES,

    Petitioner,

v.                            CIVIL ACTION NO. 2:12cv003

C.K. HESTER, Warden

    Respondent.

## OPINION AND ORDER

On January 4, 2012, the Court received and conditionally filed a pro se petition for writ of habeas corpus submitted by Frank Reaves pursuant to 28 U.S.C. § 2254. Petitioner subsequently paid the $5.00 filing fee. ECF No. 7. Accordingly, the Court ORDERS that the petition be filed.

Presently before the Court are Petitioner's motion to proceed under 28 U.S.C § 2241, ECF No. 6, and a motion to amend his petition pursuant to Rule 15 of the Federal Rules of Civil Procedure, ECF No. 8. For the reasons stated herein, Petitioner's motion to proceed under 28 U.S.C. § 2241 is DENIED and his motion to amend is GRANTED.

I. **Factual Background**

Petitioner is incarcerated in Virginia state prison pursuant to sentences imposed in 1991 and 1993.[1] He was released on mandatory parole in June 2002. In July 2003, he was arrested for violating the conditions of parole and re-incarcerated. His parole was revoked subsequent to a parole revocation hearing on October 12, 2004. Upon revocation of parole, Petitioner lost "good time credits" that had accrued during his prior incarceration. Petitioner now challenges the loss of these credits in a petition filed under 28 U.S.C. § 2254, arguing that the Commonwealth rescinded them in violation of the 14th Amendment's Due Process Clause and the Ex Post Facto Clause of Article I, Section X. The instant motion, however, asks the court to treat his petition as one filed under 28 U.S.C. § 2241.

I. **ANALYSIS**

A. **Petitioner's Motion to Proceed under § 2241**

Petitioner does not challenge his underlying state court convictions. Rather he challenges the duration of his sentence based on the loss of his good time credits. Whether petitioner's claims are properly cognizable under 28 U.S.C. § 2254 or 28 U.S.C. § 2241 is significant because § 2254 contains greater procedural hurdles and a more deferential standard of review than § 2241. See White v. Lambert, 370 F.3d 1002, 1008 (9th Cir.

---

[1] The facts are drawn from the Petition.

2003) (listing differences between the statutes). For example, if Petitioner is allowed to file under § 2241, he can avoid any statute of limitations and second or successive petition issues that might otherwise be grounds for dismissing a petition filed under § 2254.[2] See Woodfin v. Angelone, 213 F. Supp. 2d 593, 595 (E.D. Va. 2002).

Petitioner properly filed his claim under § 2254. Section 2254 applies to writs of habeas corpus filed by persons "in custody pursuant to the judgment of a State court. . . ." 28 U.S.C. § 2254(a). In Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003), the Fourth Circuit considered whether a prisoner challenging the Commonwealth's rescission of his good time credits upon parole revocation was "in custody pursuant to the judgment of a State court." Wade, 327 F.3d at 330-31.[3] The Circuit acknowledged that the petitioner was in custody pursuant to an order of the Virginia Parole Board. Id. at 331. It nevertheless reasoned that he was in custody pursuant to his

---

[2] The Court presents this scenario as a hypothetical possibility and takes no position on whether these infirmities actually infect the instant petition.

[3] The question presented in Wade was whether the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) applied to Wade's petition. Both § 2244(d)(1) and § 2254 apply only to "person[s] in custody pursuant to the judgment of a State court." In deciding § 2241(d)(1) was applicable to Wade's petition, the Circuit looked to § 2254, and stated "as section 2254 makes clear, the defining feature of a state prisoner's habeas claim is that it presents a challenge to his custody." Wade, 327 F.3d at 331.

prior criminal conviction and sentence even if he was "<u>also</u> in custody pursuant to the judgment of a state executive agency." <u>Id.</u> (emphasis in the original). This reasoning compels the conclusion that even though Petitioner is challenging something other than his underlying conviction, he is in custody pursuant to a state court judgment and § 2254 is the proper vehicle for his claim.

Although Petitioner's claim is properly brought under § 2254, the question is whether the Court may nevertheless consider his petition under § 2241. The Fourth Circuit has not squarely answered this question. It has, however, recognized that the prevailing view among other circuits is that § 2254 is the exclusive avenue of habeas relief for a state prisoner, even when the petitioner challenges something other than his conviction. <u>See</u> <u>Gregory v. Coleman</u>, 218 F. App'x 266, 267 n.* (4th Cir. 2007) (citing <u>White</u>, 370 F.3d at 1005); <u>see also</u> <u>Cook v. New York State Div. of Parole</u>, 321 F.3d 274, 277-79 (2d Cir. 2003); <u>Coady v. Vaughn</u>, 251 F.3d 480, 484-86 (3d Cir. 2001); <u>Walker v. O'Brien</u>, 216 F.3d 626, 632-33 (7th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1029 (2000); <u>Crouch v. Norris</u>, 251 F.3d 720, 722-23 (8th Cir. 2001); <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1058-62 (11th Cir. 2003). <u>But see</u> <u>Aguiar v. Tafoya</u>, 95 F. App'x 931, 932 (10th Cir. 2004) ("Although petitioner filed his habeas petition under 28 U.S.C. § 2254, the district court properly

(seeking restoration of 902 days of earned credit) as challenging the execution of his sentence under 28 U.S.C. § 2241.") (citing Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)); Calloway v. Angelone, No. 2:01CV927, 2002 WL 32392666, at *2 n.1 (E.D. Va. 2002) (holding that a state prisoner, who filed a petition under § 2254 alleging that he was in custody "pursuant to an unlawful parole warrant because he did not receive credit for his good conduct time," should have filed the petition under § 2241). Although there is authority in this district to the contrary, see Calloway, 2002 WL 3239266, at *2 n.1, this Court follows the majority approach in concluding that § 2254 is the exclusive remedy for a petitioner who is in custody pursuant to a state court criminal conviction, even when his petition challenges something other than the conviction itself, see Trisler v. Mahon, 3:09CV167, 2010 WL 772811, at *2 (E.D. Va. Mar. 3, 2010) (citing Huff v. Virginia, No. 3:07cv00691, 2008 WL 2674030, at *2 (E.D.Va. July 7, 2008)). Any other conclusion would frustrate the purpose of § 2254's gatekeeping provisions, which are designed to preserve federal judicial resources and limit federal intrusion into state criminal and collateral proceedings. See Carey v. Saffold, 536 U.S. 214, 226, (2002); Williams v. Taylor, 529 U.S. 420, 436 (2000); Woodfin, 213 F. Supp. 2d at 595 ("Petitioners are not permitted to circumvent the procedural requirements and

gatekeeping mechanisms of §§ 2254 and 2255 merely by labeling a petition as one brought under § 2241.").

In addition to the aforementioned authorities, the Court finds support for this position in Felker v. Turpin, 518 U.S. 651 (1996), and the practices of the Fourth Circuit. In Felker, the Supreme Court stated that "[o]ur authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" Id. at 662. To the extent that Felker mandates the application of § 2254's conditions to petitions filed by prisoners in custody pursuant to the judgment of a state court, the case precludes such petitioners from pursuing avenues of relief that would allow them to circumvent these conditions. See White, 370 F.3d at 1007; Walker, 216 F.3d at 633. Logically, then, § 2254 "is the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody. . . ." Walker, 216 F.3d at 633; see Woodfin, 213 F. Supp. 2d at 595 ("Unlike 28 U.S.C. § 2255, § 2254 does not contain a provision authorizing the use of § 2241 to challenge a state conviction when § 2254 affords an inadequate remedy.").

Fourth Circuit precedent presumes that § 2254 is the proper and only avenue of habeas relief available to petitioners in state court custody who challenge something other than their

conviction. See Wadell v. Dep't of Corr., 680 F.3d 384, 394-95 (4th Cir. 2012) (applying § 2254's deferential standard of review to a state court judgment denying habeas relief to a state prisoner who challenged the misapplication of good time credits to his sentence). Moreover, the Circuit has repeatedly remanded claims brought under § 1983 challenging the loss or denial of good time credits for consideration under § 2254. See, e.g., Royster v. Polk, 299 F. App'x 250, 251 (4th Cir. 2008); Ewell v. Angelone, 55 F. App'x 182, 183 (4th Cir. 2003); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that the exclusive remedy for a prisoner seeking restoration of good time credits is by writ of habeas corpus). None of these opinions suggests that § 2241 might be an alternate avenue of habeas relief for these petitioners.

The foregoing authorities overwhelmingly compel the conclusion that that § 2254 is the exclusive avenue of habeas relief for Petitioner. Accordingly, Petitioner's motion to proceed under § 2241 is DENIED.

### B. Petitioner's Motion to Amend

Petitioner has filed a Motion to Amend his original petition pursuant to Rule 15 of the Federal Rules of Civil Procedure. Whereas the original petition seems to allege that Petitioner's rights were violated because he was not given adequate notice that violation of parole could lead to

rescission of his accrued good time credits, the thrust of the claims in his motion to amend is that he was not afforded due process prior to revocation of these credits. Leave to amend should be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Accordingly, Petitioner's motion to amend is GRANTED.

The Clerk shall forward a copy of this Order to the petitioner along with four copies of the form used by this Court for petitions filed pursuant to 28 U.S.C. § 2254 and one copy of the Petitioner's original petition and Motion to Amend, which are attached hereto.

The Petitioner shall file an Amended Petition on the appropriate forms, incorporating the claims stated in his Motion to Amend, within thirty days of entry of this Order.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 10, 2012